IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| AUDRA L. PUTNAM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-08-51-D |
| ) | |
| MICHAEL J. ASTRUE, Commissioner of ) | |
| Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

**O R D E R**

This matter is before the Court for review of the Report and Recommendation issued by United States Magistrate Judge Valerie K. Couch pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). Judge Couch recommends affirmance of a final decision of the Social Security Administration denying Plaintiff's application for disability insurance benefits. Plaintiff has timely filed a written objection. Thus the Court must make a *de novo* determination of any part of the Report to which specific objection is made, and may accept, reject, or modify the recommended decision. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Plaintiff raises four specific objections to the Report.[1]  She contends that Judge Couch did not adequately consider her arguments on each of the three issues presented in her opening brief, namely, that the administrative law judge ("ALJ") "failed to evaluate medical evidence properly . . .

---

[1] The Court disregards Plaintiff's statement that she "reasserts all the arguments made in her Brief of Her Statement of Position with Authorities filed on May 12, 2008, and incorporates said brief by reference." *See* Pl.'s Objection [Doc. No. 15] at 1. The court of appeals has adopted a "firm waiver" rule that requires a specific objection; a general reference to all arguments in a prior brief does not identify a particular issue for review. *See United States v. 2121 East 30th Street*, 73 F.3d 1057, 1060 (10th Cir. 1996) ("a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court").

[and] failed properly to evaluate [her] claim under Social Security Ruling 83-20" and that Plaintiff "does not have the residual functional capacity to perform her past relevant work or substantial gainful activity." *See* Pl.'s Objection [Doc. No. 15] at 1 (abbreviations omitted); Pl.'s Opening Br. [Doc. No. 12] at 2 (same). To support her claims of error by Judge Couch, Plaintiff presents an almost verbatim recitation of her opening brief. *Compare* Pl.'s Objection at 1-14 *with* Pl.'s Opening Br. [Doc. No. 12] at 2-15. Plaintiff adds one criticism directed solely at Judge Couch's analysis: "[T]he Magistrate provided a significant amount of *post hoc* justification and analysis that the ALJ did not provide when rejecting the medical evidence of record supporting [Plaintiff's] claim for disability." *See* Pl.'s Objection at 2.

As a preliminary matter, the Court will consider the last issue, whether Judge Couch improperly supplies factual findings not made by the ALJ. Upon consideration of this issue, the Court rejects Plaintiff's contention of error. While Judge Couch discusses issues on which the ALJ stated no findings – namely, whether Dr. Joseph Tran should be considered a "treating source" – the issue of whether Dr. Tran's opinion should be given controlling weight, as argued by Plaintiff, clearly was addressed by the ALJ in his decision. Plaintiff relies on an opinion by Dr. Tran dated October 30, 2006, that Plaintiff was disabled and her condition had deteriorated since 2001. The ALJ expressly stated why he rejected Dr. Tran's opinion of disability, namely, that Dr. Tran's treatment of Plaintiff and opinion occurred "well after her date last insured" and that "it is basically from the claimant's [sub]bjective complaints and not substantiated by laboratory facts and findings."[2] (Tr. 20, 21.) Also, the ALJ noted that "the issue of disability is reserved for the

---

[2] The ALJ used the word "objective" rather than "subjective." Read in context, however, the ALJ plainly intended the word "subjective." The Court, like Judge Couch, assumes there is a typographical error in the written decision. Plaintiff apparently does likewise, referring in argument to the ALJ's "tacit equation of Dr. Tran's findings with [her] subjective complaints." *See* Pl.'s

Commissioner." (Tr. 21.) Similarly, concerning Dr. Angela Shephardson, the ALJ plainly stated that "chiropractors are not considered a treating medical source" and that "the chiropractor's recommendations of November 14, 2005, [regarding restrictions on activities and movements] are not consistent with the medical evidence as a whole including [Plaintiff's] daily activities such as attending school 3 times a week, working part time, driving, and walking across the street to eat every meal." (Tr. 21, citation omitted.) Judge Couch's analysis correctly relies on these findings by the ALJ. *See* Report & Recom. [Doc. No. 14] at 7-8.

Turning to the substantive issues raised by Plaintiff as grounds for reversal of the ALJ's decision, the Court has independently reviewed the written decision and relevant portions of the administrative record. Upon consideration of the first issue, the Court concurs in Judge Couch's conclusion that the ALJ adequately discussed the medical evidence and evaluated the opinions of Dr. Tran and Dr. Richardson. The ALJ plainly rejected those opinions and stated cogent reasons for rejecting them. Similarly, the Court fully concurs in Judge Couch's analysis of the second issue concerning the proper manner for determining the onset of a disability. There was no finding of a disability in this case and no issue to be decided as to the correct onset date.

Finally, the ALJ expressly found at step four that the Plaintiff's past relevant work as a secretary and receptionist/information clerk – both sedentary jobs – did not require the performance of work-related activities precluded by her residual functional capacity. The ALJ made this finding by comparing the residual functional capacity found in step three – permitting a wide range of sedentary work except no more than occasional repetitive head movements to the right and left – with the demands of Plaintiff's past relevant work as it was actually and generally performed.

---

Objection [Doc. No. 15] at 3. Thus, the alteration does not affect a factual finding of the ALJ.

(Tr. 22.)  The ALJ's reliance on an expert opinion to this effect by a vocational expert (Tr. 322-23), who had obtained information from Plaintiff about the duties of her past jobs (Tr. 318-21), was not error.  *See Doyal v. Barnhart*, 331 F.3d 758, 761 (10th Cir. 2003).

IT IS THEREFORE ORDERED that the Court adopts the Report and Recommendation [Doc No. 14] and affirms the Commissioner's decision.  Judgment will be entered accordingly.

IT IS SO ORDERED this 18th  day of November, 2008.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE